Ann Jernow
Ann.Jernow@sterlingtonlaw.com
**STERLINGTON, PLLC**
One World Trade Center, 85th Floor
New York, New York 10007
Tel. (332) 910-5742
*Attorneys for Defendant Ioannis Giannaros*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONARCH BLOCKCHAIN CORPORATION, a Nevada Corporation;<br><br>*Plaintiff*,<br><br>v.<br><br>WYRE PAYMENTS, INC., a Delaware Corporation; and IOANNIS GIANNAROS,<br><br>*Defendants*. | Case No. 3:23-cv-04490-VC<br><br>**DEFENDANT IOANNIS GIANNAROS'S ANSWER TO THE AMENDED COMPLAINT**<br><br>**Judge:** Honorable Vince Chhabria |

Defendant Ioannis Giannaros, by his undersigned counsel, answers Plaintiff Monarch Blockchain Corporation's Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. The allegations contained in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 1.

2. The allegations contained in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 2.

## PARTIES

3. Defendant admits, upon information and belief, the allegations set forth in Paragraph 3.

4. Defendant admits that Wyre was a Delaware corporation with its principal place of business in San Francisco. Wyre is currently being wound up, and Defendant lacks knowledge or information sufficient to form a belief about the current status of Wyre's incorporation or principal place of business. Defendant admits that Wyre helped people buy crypto using credit cards and denies the remaining allegations contained in Paragraph 4.

5. Defendant admits that he was a co-founder of Wyre and served as Wyre's Chief Executive Office ("CEO") from June 2020 until January 9, 2023. Defendant denies the allegations in Paragraph 5 to the extent they are contrary to the preceding statement.

## FACTUAL ALLEGATIONS

6. Defendant admits that Wyre was a business that provided cryptocurrency infrastructure that was headquartered in San Francisco. Defendant further admits that he was the CEO of Wyre from June 2020 until January 9, 2023 and denies the allegations in Paragraph 6 to the extent they are contrary to the preceding statement.

7. Defendant admits that Wyre employed between 15 and 125 people between June 2020 and January 2023. Defendant denies the allegations in Paragraph 7 to the extent they are contrary to the preceding statement.

8. Upon information and belief, Defendant admits the allegations in Paragraph 8.

9. Upon information and belief, Defendant admits that that Wyre and Monarch entered into the "Wyre Referral Agreement" on or about January 6. Defendant further admits that the document attached as Exhibit 1 to the Complaint is titled "Wyre Referral Agreement." Defendant denies that the purpose or effect of the Wyre Referral Agreement was for Wyre to send crypto transactions through Monarch. The purpose of the Wyre Referral Agreement was for Monarch to use Wyre's cryptocurrency infrastructure to build a platform for Monarch's users. Monarch's users would pay Wyre a fee for certain transactions processed, and Wyre in turn would remit a portion of that fee to Monarch. *See* Exhibit 1, Exhibit A.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and denies those allegations as such.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and denies those allegations as such.

13. Defendant denies the allegations in Paragraph 13. In December 2021, Wyre raised more than $20 million in capital. Wyre did not experience liquidity issues until October of 2022.

14. Defendant admits that the deal announced with Bolt Financial was valued at approximately $1.5 billion and that the language quoted in Paragraph 14 appears in the article cited therein.

15. Defendant admits that the language quoted in Paragraph 15 appears in the article cited therein.

16. Defendant denies the allegations in Paragraph 16 except to admit that Bolt Financial conducted due diligence in connection with the potential transaction.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Upon information and belief, Defendant admits the allegations in Paragraph 20.

21. Defendant admits, upon information and belief, the allegations in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and denies those allegations as such.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and denies those allegations as such.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and denies those allegations as such.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and denies those allegations as such.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and denies those allegations as such.

27. Defendant admits, upon information and belief, that Wyre filed an amended 1099 form with the IRS on or about October 19, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and denies those allegations as such.

## COUNT I

## VIOLATION OF 26 USC § 7434

28. Defendant incorporates herein by reference his respective answers set forth in the preceding paragraphs including all denials therein.

29. The allegations contained in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Defendant Giannaros states that the full text of the portion of Section 7434(a) quoted by Paragraph 29 is: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

30. Defendant denies the allegations in Paragraph 30 except to admit that Bolt Financial conducted due diligence in connection with the potential transaction.

31. Defendant denies allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the amount that Wyre reported paying Monarch to the IRS and denies those allegations as such.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and denies those allegations as such.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and denies those allegations as such.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and denies those allegations as such.

## COUNT II

## FRAUD

37. Defendant incorporates herein by reference his respective answers set forth in the preceding paragraphs including all denials therein.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and denies those allegations as such.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and denies those allegations as such.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and denies those allegations as such.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and denies those allegations as such.

## COUNT III

## NEGLIGENT MISREPRESENTATION

44. Defendant incorporates herein by reference his respective answers set forth in the preceding paragraphs including all denials therein.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and denies those allegations as such.

47. Defendant denies allegations in Paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 as to what Wyre believes and denies those allegations as such. The remaining allegations contained in Paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 48.

49. The allegations contained in Paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and denies those allegations as such.

## COUNT IV

## BREACH OF CONTRACT

51. Defendant incorporates herein by reference his respective answers set forth in the preceding paragraphs including all denials therein.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and denies those allegations as such.

53. Defendant admits that the language quoted in Paragraph 53 appears in Section 2.18 of the document attached to the Complaint as Exhibit 1. Defendant further states that the full text of Section 2.18 is:

> It is each party's sole responsibility to determine whether, and to what extent, any taxes apply to any transactions associated with its performance under this Agreement and to withhold, collect, report and remit the correct amounts of taxes to the appropriate tax authorities. For the sake of clarity, Client will not owe any fees to Wyre pursuant to this Agreement, and Client will not be responsible for any act or omission of any End User hereunder.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and denies those allegations as such.

## REQUEST FOR RELIEF

The allegations in Plaintiff's Request for Relief do not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden he would not otherwise bear, Defendant Giannaros pleads the following defenses:

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any liability that Plaintiff may have to the IRS is the result of errors committed by Plaintiff and/or its accountant in preparing its tax returns and/or communicating (or failing to communicate) with the IRS and thus Plaintiff's claims are reduced or barred by the doctrine of comparative fault.

### Third Affirmative Defense

Plaintiff's alleged damages could have been avoided with reasonable efforts or expenditures, and Plaintiff did not take reasonable steps to avoid harm. Upon learning that it purportedly owed additional taxes, Plaintiff should have engaged with the IRS to resolve the issue instead of relying upon Defendant Wyre to file a corrected tax form and thus failed to mitigate its alleged damages.

WHEREFORE, Defendant Giannaros respectfully requests that the Court:

A.  Enter judgment in Defendant Giannaros's favor;

B.  Award Giannaros his reasonable costs and fees, including attorneys' fees; and

C.      Grant Defendant Giannaros such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant Giannaros demands a trial by jury on all issues triable as such.

Dated: July 8, 2024

                              **STERLINGTON, PLLC**

                              By: /s/ Ann Jernow
                              Ann Jernow
                              One World Trade Center, 85th Floor
                              New York, New York 10007
                              Tel: (332) 910-5742
                              ann.jernow@sterlingtonlaw.com

                              *Attorneys for Defendant Ioannis Giannaros*